SUPERIOR COURT OF WASHINGTON IN AND FOR FRANKLIN COUNTY

WASHINGTON TRUST BANK, a Washington banking corporation,

Plaintiff,

v.

EASTERDAY RANCHES, INC., a Washington corporation; EASTERDAY FARMS, a Washington general partnership; CODY EASTERDAY, individually; DEBBY EASTERDAY, individually; KAREN EASTERDAY, individually and in her capacity as personal representative of the Estate of Gale Easterday,

Defendants.

NO. 21-2-50049-11

MOTION TO APPOINT RECEIVER

## I. RELIEF REQUESTED

Plaintiff Washington Trust Bank ("WTB"), by and through its counsel of record, Lukins & Annis, P.S., moves the court for an order appointing Farmland Company Management, Inc., a Washington corporation, or other qualified person as a general receiver for Defendants Easterday Ranches, Inc. ("Ranches") and Easterday Farms, a general partnership ("Farms").

MOTION TO APPOINT RECEIVER: 1

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01988131 1/29/21

## II. STATEMENT OF FACTS

Ranches and the general partners of Farms executed a Promissory Note in favor of WTB evidencing a line of credit in the amount of $45,000,000.00. See Declaration of Claire Baker ("Baker Decl."), **Exhibit A** (Promissory Note).

Payment of the Promissory Note is secured by collateral identified in Agricultural Security Agreements executed by Ranches and Farms (the "Collateral").[1] WTB duly perfected its security interest in the Collateral. See Declaration of Claire Baker, **Exhibit B** (Agricultural Security Agreements, UCC Financing Statements, and notices). The Promissory Note, Agricultural Security Agreements, and Commercial Guarantees, and all other documents related thereto may be referred herein as "Loan -0279." Pursuant to these documents, WTB has the right to have a receiver appointed in the event of default. For example, the two Agricultural Security Agreements—which both Ranches and Farms executed—provide, in part, as follows:

> **RIGHTS AND REMEDIES ON DEFAULT.**[2] If an Event of Default occurs under this Agreement, at any time thereafter, Lender [WTB] shall have all the rights of a secured party under the Washington Uniform Commercial Code. In addition and without limitation, Lender may exercise any one or more of the following rights and remedies:
>
> …

---

[1] "Collateral" is defined as "All goods, equipment, farm equipment, inventory, fixtures, accounts, deposit accounts, chattel paper, documents, general intangibles, instruments, investment property and letter of credit rights." Baker Decl., Ex. B (Agricultural Security Agreements at p.1). Collateral "includes any and all of Grantor's [both Ranches and Farms] present and future inventory, … related equipment, goods, merchandise, and other items of personal property, no matter where located, of every type and description … ." Id.

[2] Events of Default under the Agricultural security Agreements include any failure to comply or perform pursuant to a series of "Related Agreements" that include the Promissory Note between Farms and WTB, See Baker Decl., Ex. B (Agricultural Security Agreements at pp.3-4 (Section of "Default")). Under the Promissory Note, an event of default occurs when, *inter alia*, "any general partner dies or becomes incompetent." Id, Ex. A at p. 2. Other events of Default include insolvency, events affecting guarantor, and adverse change. Id. at Ex. B.

MOTION TO APPOINT RECEIVER: 2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

> **Appoint Receiver**. Lender shall have the right to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral preceding or pending foreclosure or sale, and to collect the rents from the Collateral and apply the proceeds, over and above the cost of receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Collateral exceeds the Indebtedness by a substantial amount. …
>
> **Collect Revenues, Apply Accounts**. Lender, either itself or through a receiver, may collect the payments, rents, income and revenues from the Collateral. …

Baker Decl., Ex. B (Agricultural Security Agreements at p.4).

WTB has declared Farms and Ranches in default on Loan -0279 based on the death of Gale Easterday and a complaint filed by Tyson Fresh Meats, Inc. against Ranches in Franklin County Superior Court for breach of contract, fraud, and the appointment of a receiver. These occurrences constitute events of default under the above-referenced documents that are collectively referred to as Loan -0279 for the purposes of this motion. First, there is no dispute that Gale Easterday died or that he was a General Partner of Ranches and Farms. See, e.g., the Estate of Gale A. Easterday, Franklin County Superior Court Case No. 21-4-50000-11. Second, the Complaint and supporting documents filed by Tyson Fresh Meats indicates a clear adverse financial changes to Ranches, which has been credibly accused of committing over $200,000,000 of fraud. See, e.g., Complaint filed by Tyson Fresh Meats in Franklin County Superior Court Case No. 21-2-50034-11 and the Declarations of Leah Andersen ("Andersen Decl.") and Jason Wenglarski ("Wenglarski Decl."), signed January 23, 2021 in the same case number.

In fact, Tyson Fresh Meats has asserted that Cody Easterday, a general partner of both Ranches and Farms, made statements admitting to the alleged fraud. See, e.g., Andersen Decl., Wenglarski Decl. Tyson Fresh Meats also discovered that Mr. Easterday was planning to sell

MOTION TO APPOINT RECEIVER: 3

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

assets, including the "North Lot" of the Ranch. See Andersen Decl., ¶ 20. The combination of an adverse change to Defendants' finances, as well as Defendants actions to begin liquidating assets is extremely disconcerting. WTB has a concern that any further Collateral, to which the bank has a senior security interest, is in jeopardy of being improperly sold. See Baker Decl., ¶ 7.

As of January 29, 2021, the amount owing on Loan -0279 was $44,709,543.11 in principal, $134,703.21 in accrued unpaid interest, plus attorneys' fees and costs. See Baker Decl., ¶ 6. In a letter dated January 26, 2021, WTB issued the Defendants written notice of default on Loan -0279. See Baker Decl., **Exhibit C** (Notice of Default).

In its Complaint against Ranches and Farms, WTB declared the entire unpaid principal balance on Loan -0279 and all accrued unpaid interest immediately due.

### III. STATEMENT OF ISSUES

Whether the Court should appoint Farmland Company Management, Inc. or another qualified person to serve as general receiver of Ranches and Farms with (1) power and authority to manage Ranches and Farms and all aspects of their business and their assets, and (2) take such other and further action as may be necessary or appropriate to manage Ranches' and Farms' affairs, subject to the continued guidance and control of this Court as appropriate.

### IV. LEGAL AUTHORITY

Appointment of a general receiver is appropriate based on the terms of Loan -0279 and Ranches' and Farms' default. Appointment of a general receiver is also appropriate based on RCW 7.60, *et seq.*

A.  **A Receiver Should be Appointed as a Result of Ranches' and Farms' Default on Loan -0279.**

As stated above, the Agricultural Security Agreements executed by Ranches and Farms provide that upon default WTB has the right to have a receiver appointed to take possession of

MOTION TO APPOINT RECEIVER: 4

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01988131 1/29/21

21-80010-WLH   Doc 1-8   Filed 04/12/21   Entered 04/12/21 17:17:03   Pg 4 of 10

all or any part of the Collateral, and that a receiver may collect payments, income, and revenues from the Collateral. See Baker Decl., Ex. B. As further stated above, events of default have occurred, which have thus triggered WTB's "Rights and Remedies on Default," which include the right to have a receiver appointed.

As a result of these events of default—at least one of which (the death of Gale Easterday) is undeniable and beyond dispute—WTB has the right to have a receiver appointed. Through this motion, WTB seeks that remedy and respectfully requests that a receiver be appointed immediately.

**B.  Independent of the Terms of Loan -0279, the Court Should Appoint a Receiver Pursuant to RCW 7. 60, et seq.**

The Court should appoint a receiver pursuant to Chapter 7.60 RCW. Specifically, RCW 7.60.025(1) provides several independent bases for the appointment of a receiver, including:

> (a) On application of any party, when the party is determined to have a probable right to or interest in property that is a subject of the action and in the possession of an adverse party, or when the property or its revenue-producing potential is in danger of being lost of materially injured or impaired. …
>
> (b) Provisionally, after commencement of any judicial action … to foreclose upon any lien against or fore forfeiture of any interest in real or personal property, on application of any person, when the interest in the property that is the subject of such an action or proceeding of the person seeking the receiver's appointment is determined to be probable and … (i) [t]he property or its revenue-producing potential is in danger of being lost or materially injured or impaired [.]
>
> (h) … [I]n an action to subject property or a fund to the payment of a debt;
>
> (i) In an action against any person who is not an individual … if that person is insolvent or is not generally paying the person's debts as those debts become due … or if that person is in imminent danger of insolvency;
>
> (nn)   In such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties.

MOTION TO APPOINT RECEIVER: 5

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01988131 1/29/21

21-80010-WLH    Doc 1-8    Filed 04/12/21    Entered 04/12/21 17:17:03    Pg 5 of 10

Here, each of the foregoing independent bases are present. The requirements of subsection (a) are satisfied because WTB is a party with a "probable right to or interest in property that is the subject" of this lawsuit and which property is in the possession of Defendants. As discussed above, WTB has a security interest in collateral that is presently in the possession of Defendants. Due to the events of default, WTB has an absolute right and interest in that property, not merely a "probable" right.

The separate, also independent, prerequisites of subsection (a) also exist because the property at issue in this lawsuit (and the property in which WTB has a security interest) is in danger of being lost or materially injured or impaired for the reasons set forth in Tyson Fresh Meats' lawsuit, including the actions by Defendants to being liquidating assets.

For the same reasons set forth in the two paragraphs above, the requirements of subsection (b)(i) are also satisfied. In short, WTB plainly has an interest in Defendants' personal property, which is in danger of being lost or materially injured or impaired.

The present scenario also implicates subsection (h) because WTB's action is one that seeks to subject property or funds to the payment of a debt—specifically Defendants' debt which presently exceeds $44,000,000.

Next, the present circumstances fall under subsection (i) because Defendants are not paying their debts that are due to WTB. In addition, Defendants are in imminent danger of insolvency (if not actually insolvent) in light of the scheme pursuant to which Tyson Fresh Meats was credibly defrauded of amounts exceeding $200,000,000.

Finally, subsection (nn) is satisfied because ample justice cannot be secured without the appointment of a receiver. The individuals that presently control Defendants have created a situation in which they are in default to WTB for over $44,000,000. Not only that, but they have been credibly accused of engaging in a scheme to defraud Tyson Fresh Meats out of more

MOTION TO APPOINT RECEIVER: 6

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01988131  1/29/21

| | |
|---|---|
| 1 | than $200,000,000. As a result, ample justice requires the appointment of a receiver to |
| 2 | properly protect WTB. |
| 3 | For any of the foregoing reasons, a receiver should be appointed over both Ranches and |
| 4 | Farms. Given the severity of the conduct at issue, the fact that Defendants have already |
| 5 | liquidated property (the "North Lot"), and the size of the debt, there is no other adequate or |
| 6 | available remedy. Therefore, WTB respectfully submits that a receiver should be appointed |
| 7 | under Chapter 7.60 RCW in addition to an appointment that should issue under the Agricultural |
| 8 | Security Agreements. |

### C. The Court should appoint Farmland Company Management, Inc., as the Receiver

WTB requests that the Court appoint Farmland Company Management, Inc. ("FCM") as the receiver under both the loan documents and pursuant to Chapter 7.60 RCW. FCM is qualified to act as a receiver, as it has three decades of experience managing, appraising, and consulting with farms, farmland, rangeland, and cattle production in the region. See Declaration of Tim Cobb ("Cobb Decl."), ¶ 3. FCM has experience handling all facets of farm management, and is well equipped to serve as a receiver over Defendants. Id. Not only does it have the experience, knowledge, and capacity, but it has the local proximity to handle this assignment. Id.

//
//
//
//
//
//
//
//

MOTION TO APPOINT RECEIVER: 7

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01988131 1/29/21

## V. CONCLUSION

For the foregoing reasons, WTB respectfully requests that the Court appoint FCM or another qualified receiver.

DATED this 29th day of January, 2021.

LUKINS & ANNIS, P.S.

By _____
TREVOR R. PINCOCK
WSBA #36818
Attorneys for Plaintiff
Washington Trust Bank

MOTION TO APPOINT RECEIVER: 8

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01988131 1/29/21

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of January 2021, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to all counsel of record as follows:

| | | |
|---|---|---|
| Cody Easterday<br>5235 N Industrial Way<br>Pasco, WA, WA 99301<br>cody@easterdayfarms.com | ☐<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| Peter Richter<br>Peter Richter:<br>200 South Wacker Drive, 31st Floor<br>Chicago, IL 60606<br>prichter@paladinmgmt.com | ☐<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| R. Crane Bergdahl<br>6119 Burden Blvd., Suite A<br>Pasco, WA 99301<br>P.O. Box 2755<br>Pasco, WA 99302<br>cranelaw@msn.com | ☐<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| CHS Capital, LLC dba CHSC NM<br>5500 Cenex Dr.<br>Inver Grove Heights, MN 550077 | ☐<br>☐<br>☒<br>☐<br>☐ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| U.S. Small Business Administration<br>1545 Hawkins Blvd, Suite 202<br>El Paso, TX 79925 | ☐<br>☐<br>☒<br>☐<br>☐ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| El Paso District Office<br>915.834.4600<br>DL0050@sba.gov | ☐<br>☐<br>☐<br>☐ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX) |

MOTION TO APPOINT RECEIVER: 9

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01988131 1/29/21

| | | |
|---|---|---|
| Office of General Counsel<br>409 3rd Street NW<br>Washington, DC 20416<br>Brittany Biles, GC<br>Nina Levine, Deputy GC<br>General Inquiries: answerdesk@sba.gov | ☒ | Via email |
| AXA Equitable Life Insurance Company<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Customer Service: 877.222.2144 | ☐<br>☐<br>☒<br>☐<br>☐ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| Equitable Financial Life Insurance Company<br>16th Floor, 1290 Avenue of the Americas<br>New York, NY 10104<br>Customer Service: 877.222.2144 | ☐<br>☐<br>☒<br>☐<br>☐ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| The Prudential Insurance Company of America<br>2100 Ross Avenue, Suite 2500<br>Dallas, TX 75201<br>Loan Nos. 717611839 & 717611840<br>214.777.4500<br>214.721.6007 | ☐<br>☐<br>☒<br>☐<br>☐ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| Rabo Agrifinance, Inc., as Mortgagee<br>12443 Olive Blvd, Suite 50<br>St. Louis, MO 63141<br>855.722.7766<br>CustomerConnect@RaboAg.com | ☐<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| Big Bend Electric Cooperative, Inc.<br>P.O. Box 348<br>Ritzville, WA 99169<br>866.844.2363<br>Admin@bbec.org | ☐<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |

_____
MARIANNE LOVE, PARALEGAL

MOTION TO APPOINT RECEIVER: 10

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

01988131 1/29/21