SUPERIOR COURT OF WASHINGTON
IN AND FOR FRANKLIN COUNTY

| | |
|---|---|
| WASHINGTON TRUST BANK, a Washington banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>EASTERDAY RANCHES, INC., a Washington corporation; EASTERDAY FARMS, a Washington general partnership; CODY EASTERDAY, individually; DEBBY EASTERDAY, individually; KAREN EASTERDAY, individually and in her capacity as personal representative of the Estate of Gale Easterday,<br><br>Defendants | NO. 21-2-50049-11<br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DEFAULT AND DEFAULT JUDGMENT OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Plaintiff Washington Trust Bank ("WTB"), by and through its attorneys, Lukins & Annis, P.S., moves the Court for an order taking and entering the default of above-named Defendants CODY EASTERDAY, DEBBY EASTERDAY and KAREN EASTERDAY in

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER OF DEFAULT AND DEFAULT
JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT: 1

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

21-80010-WLH    Doc 1-35    Filed 04/12/21    Entered 04/12/21 17:17:03    Pg 1 of 12

accordance with CR 55(a) for failure to file an Answer to the Plaintiff's Complaint in this action, and for judgment in accordance with CR 55(b)(1).

Should one or more of the Defendants file his or her Answer prior to the date of hearing on the Moton for Default, in the alternative Plaintiff seeks summary judgment in accordance with CR 56 for breach of commercial guaranties against such answering Defendants Cody Easterday, Debby Easterday and Karen Easterday ("Guaranty Defendants") and for the amounts owing under those certain commercial guaranties identified below.

As of the date of this motion the Guaranty Defendants have failed to file Answers with this Court to WTB's Complaint and have failed to pay their obligations under their commercial guaranties. There is no genuine issue of material fact with respect to these issues and WTB should be granted judgment as a matter of law.

## II. UNDISPUTED FACTS

On or about September 3, 2020, Easterday Farms and Easterday Ranches, Inc. (Co-Borrowers") executed a Loan Agreement ("Loan Agreement"). See Declaration of Claire Baker, Exh. A.

### PROMISSORY NOTE #####-0279

On or about September 3, 2020, the Co-Borrowers executed a Promissory Note, and pursuant to the terms thereof WTB loaned the Co-Borrowers $45 million dollars ($45,000,000.00). ("Note #####-0279"). Id. at Exh. B. WTB is the owner and holder of the Note. Id. at ¶ 5.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER OF DEFAULT AND DEFAULT JUDGMENT OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT: 2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

21-80010-WLH    Doc 1-35    Filed 04/12/21    Entered 04/12/21 17:17:03    Pg 2 of 12

## COMMERCIAL GUARANTIES

On or about September 3, 2020, the Guaranty Defendants each executed an unlimited and unconditional Commercial Guaranty in his or her individual capacity and agreed to personally guaranty the debt of the Co-Borrowers. Id. at Exhs. C, D and E ("Commercial Guaranty").

## LOAN DEFAULT

On December 10, 2020, Gale Easterday was killed in an automobile collision. Mr. Easterday was a general partner of Easterday Farms and was a co-guarantor of the Note[1]. His death was an event of default under the Note. Id. at ¶ 7. On or about January 25, 2021, Tyson Foods, Inc., filed a lawsuit against co-borrower Easterday Ranches, Inc. alleging that it engaged in massive fraud against Tyson Foods. Tyson alleged that Cody Easterday carried out this fraud. On January 26, 2021, WTB sent written notice of default to the Co-Borrowers and to the Guaranty Defendants. Id. at Exh. F ("Notice of Default to Co-Borrowers and Guarantors"). The Guaranty Defendants have not made payment or performed as required under the Commercial Guaranties. See Id. at ¶ 10.

On January 29, 2021, WTB filed the present action in this Court. On February 1, 2021, co-borrower Easterday Ranches, Inc., filed Chapter 11 bankruptcy. See Id. at ¶ 11. On February 8, 2021, co-borrower Easterday Farms, filed Chapter 11 bankruptcy. See Id. at ¶ 12. As of the date of this motion, none of the Guaranty Defendants have filed for bankruptcy. See Declaration of Burke D. Jackowich at ¶ 10. The current amount due from the Guaranty

---

[1] WTB has filed a claim in the probate of Mr. Gale Easterday's estate based on his personal guaranty which is currently filed in Franklin County Case 21-4-50004-11.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER OF DEFAULT AND DEFAULT
JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT: 3

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

Defendants is a principal balance of $44,442,507.69 and accrued and unpaid interest of $208,728.52. See Declaration of Claire Baker at ¶ 13.

## FAILURE TO ANSWER THE COMPLAINT

On January 29, 2021, WTB filed this Complaint against the Guaranty Defendants. The Guaranty Defendants were each personally served with the Summons and Complaint in this matter on January 30, 2021. Declarations of Service evidencing the personal service of each Guaranty Defendant were filed with this Court on February 3, 2021. See Declaration of Burke D. Jackowich Exhs. A, B, and C. Each Guaranty Defendant retained counsel and filed Notices of Appearance in this action. Id. at ¶ 4-5. Guaranty Defendants' Answers to the Complaint were due no later than February 19, 2021. Despite efforts to confer with Guaranty Defendants' counsel to obtain Answers to the Complaint, no Answers have been filed. Id. at ¶ 6.

Jurisdiction and venue are proper in Franklin County Superior Court pursuant to R.C.W. 2.08.010 and RCW 4.12.025 because at least one of the Defendants resides in Franklin County.

The Motion for Default is based upon the Declaration of Burke D. Jackowich and the Declaration of Claire Baker, attached hereto, and upon the files and records herein.

## ATTORNEYS' FEES AND COSTS

Pursuant to the terms of Note #####-0279, WTB is entitled to be awarded its reasonable attorneys' fees and costs in this suit. Declaration of Claire Baker at ¶ 14. WTB employed counsel to represent it in this action and has obligated itself to pay a reasonable fee for such services. Id. WTB has incurred attorneys' fees and costs and will incur additional fees. Total

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER OF DEFAULT AND DEFAULT
JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT: 4

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

21-80010-WLH    Doc 1-35    Filed 04/12/21    Entered 04/12/21 17:17:03    Pg 4 of 12

fees and costs incurred as of the date of this motion are $108,254.50. <u>Declaration of Burke D. Jackowich</u> at ¶ 11. WTB requests the Court to enter judgment that WTB is entitled to a judgment and supplemental judgments as necessary for the additional attorneys' fees and costs incurred to collect the debt.

### III. ARGUMENT

A.     **STANDARD FOR DEFAULT JUDGMENT**

Civil Rule 55 establishes the standards for default. If a summons and complaint have been served on the defendant and the defendant has appeared, but failed to file his responsive pleading, the court may enter a judgment of default if notice of the motion was provided to the defendant's counsel. CR 55(a)(3). Notice was provided to each Guaranty Defendant through his or her counsel by email and first-class mail. See <u>Certificate of Service</u>, attached hereto.

When the amount is certain and may be calculated and is supported by a declaration, the Court shall enter judgment for that amount and costs against the party in default. CR 55(b)(1). WTB has calculated the amount due and certain as of the date of this motion as of $44,442,507.69 and accrued and unpaid interest of $208,728.52. These amounts are supported by the Declaration of Claire Baker.

B.     **JURISDICTION AND VENUE.**

Franklin County Superior Court has jurisdiction over this matter pursuant to RCW 2.08.010 and RCW 4.12.025.

As set forth in the Declarations of Service filed with the court, each of the named Defendants were duly served with process pursuant to RCW 4.28.080, <u>et seq</u>.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER OF DEFAULT AND DEFAULT
JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT: 5

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

21-80010-WLH    Doc 1-35    Filed 04/12/21    Entered 04/12/21 17:17:03    Pg 5 of 12

For any and each Guaranty Defendant who has failed to Answer the Complaint prior to the hearing on this matter, Plaintiff respectfully request that the Court enter its Proposed Order and Judgment of Default filed with this Motion.

C. **SUMMARY JUDGMENT STANDARD.**

In the event that any of the Guaranty Defendants file an Answer prior to the hearing of the Motion for Default, Plaintiff WTB requests that the Court grant it summary judgment against the Guaranty Defendants as set forth in its Proposed Order Granting Summary Judgment.

Summary judgment is appropriate "if the pleadings, Declarations, and depositions establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists if 'reasonable minds could differ on the facts controlling the outcome of the litigation." Frontier Bank v. Bingo Invs., LLC, 191 Wash. App. 43, 52, 361 P.3d 230, 235 (2015) (citations omitted). A motion for summary judgment under CR 56 should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The primary function of summary judgment is to avoid useless trials. Moore v. Pacific Northwest Bell, 34 Wn.App. 448, 456, 662 P.2d 398 (1983).

"The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. If the moving party satisfies its burden, then the burden shifts to the nonmoving party." Frontier Bank v. Bingo Invs., LLC, 191 Wash. App. 43, 52, 361 P.3d 230, 235 (2015) (citations omitted). "If the nonmoving party fails to make a

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER OF DEFAULT AND DEFAULT JUDGMENT OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

21-80010-WLH    Doc 1-35    Filed 04/12/21    Entered 04/12/21 17:17:03    Pg 6 of 12

showing sufficient to establish the existence of a genuine issue of material fact, then the trial court should grant the motion." Id. "In making this responsive showing, the nonmoving party cannot rely on the allegations made in its pleadings" because "CR 56(e) CR 56(e) requires that the response ... set forth specific facts showing that there is a genuine issue for trial." Id. "[T]he court considers the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party." Id.

In Frontier Bank, the Division 1 Court of Appeals provided a succinct analysis of the enforceability of commercial guaranties against individual guarantors guarantying the debt of a business borrower. "[W]here a guarantor freely and voluntarily guarantees the payment of another, and a creditor relies to its detriment on this guaranty, the law generally requires the guaranty to be enforced." Frontier Bank, 191 Wash. App. 43, 54, 361 P.3d 230, 236 , citing, In re Spokane Concrete Prods., Inc., 126 Wash.2d 269, 278, 892 P.2d 98 (1995). " 'An absolute guaranty is an unconditional undertaking on the part of the guarantor that the person primarily obligated will make payment or will perform, and such a guarantor is liable immediately upon default of the principal without notice.' " Id., citing, Cent. 21 Prods., Inc. v. Glacier Sales, 129 Wash.2d 406, 414, 918 P.2d 168 (1996). "An absolute and unconditional guaranty should be and is enforceable according to its terms. The courts are to enforce it as the parties meant it to be enforced, with full effect given to its contents, and without reading into it terms and conditions on which it is completely silent." Id., citing, Nat'l. Bank of Wash. V. Equity Inv'rs, 81 Wash.2d 886, 919, 506 P.2d 20 (1973).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER OF DEFAULT AND DEFAULT
JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT: 7

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

21-80010-WLH    Doc 1-35    Filed 04/12/21    Entered 04/12/21 17:17:03    Pg 7 of 12

The Guarantor Defendants each entered into a substantially identical guaranties. The guaranties obligate the guarantors:

> **CONTINUING GUARANTY OF PAYMENT AND PERFORMANCE.** For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower … to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. This is a guaranty of payment and performance and not of collection, so the Lender can enforce this Guaranty against the Guarantor even when the Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, the Guaranty or any other guaranty of the Indebtedness ... Guarantor will make any payments to Lender ... on demand ... without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents. Under this Guaranty, Guarantor's liability is unlimited and Guarantor's obligations are continuing.

See Declaration of Claire Baker, Exhs C, D and E, each at p.1.

The language in the Guaranty Defendants' Commercial Guaranties, appears to be the exact language examined and enforced by the Court of Appeals in Frontier Bank, "Here, the parties do not dispute the guaranties' language. Each guaranty states:

> For good and valuable consideration, ***Guarantor absolutely and unconditionally guarantees full and punctual payment*** and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. ***This is a guaranty of payment*** and performance and not of collection.... Guarantor will make any payments to Lender ... on demand ... ***without set-off or deduction or counterclaim,*** and will otherwise perform Borrower's obligations under the Note and Related Documents.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER OF DEFAULT AND DEFAULT JUDGMENT OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT: 8

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

> Under this Guaranty, Guarantor's liability is unlimited and Guarantor's obligations are continuing.

"There can be no serious dispute that the express terms of the guaranties make them unconditional guaranties of payment. The promissory notes that these guaranties support are delinquent. Accordingly, the obligations of the guarantors are also delinquent and unpaid." <u>Frontier Bank</u>, 191 Wash. App. at 55.

As in <u>Frontier Bank</u>, the Commercial Guaranties in the matter before this Court expressly act as unconditional guaranties of payment. The obligation to repay the debt under Note #####-0279 is delinquent. The guarantors were provided notice of their obligation to repay the delinquent debt on January 26, 2021. <u>See</u> Declaration of Claire Baker, Exh. F. Their failure to make the payment as demanded puts each of the Guaranty Defendants in breach of his or her Commercial Guaranty and therefore, summary judgment is warranted.

## IV. CONCLUSION

There is no genuine issue of material fact with respect to each Guaranty Defendant's liability on the Commercial Guaranties, that each of them is in breach of contract by failing to make payments when due, or with respect to the amounts owing. Plaintiff respectfully requests that the Court enter and orders pursuant to CR 55 granting Default Judgment for each Guaranty Defendant who failed to file an Answer prior to the hearing on this Motion, or in the alternative an order pursuant to CR 56 granting Plaintiff Washington Trust Bank summary judgment against each Guaranty Defendant for the reasons and in the amounts set forth herein.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER OF DEFAULT AND DEFAULT
JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT: 9

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

1
2  Dated this 19th day of March, 2021.
3
4                                          LUKINS & ANNIS, P.S.
5                                          By _____
6                                             BURKE D. JACKOWICH, WBSA# 31722
                                              TREVOR R. PINCOCK, WSBA# 36818
7                                             Attorneys for Plaintiff Washington Trust
                                              Bank
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ORDER OF DEFAULT AND DEFAULT
JUDGMENT OR IN THE ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT: 10

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of March 2021, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to all counsel of record as follows:

| | | |
|---|---|---|
| Sussman Shank, LLP<br>Jeffrey C. Misley<br>Thomas Stilley<br>Laurie Hager<br>1000 SW Broadway, Suite 1400<br>Portland, OR 97205<br><br>*Attorneys for Cody and Debby Easterday* | ☒<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| Peter Richter<br>Peter Richter:<br>200 South Wacker Drive, 31st Floor<br>Chicago, IL 60606<br>prichter@paladinmgmt.com | ☒<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| R. Crane Bergdahl<br>6119 Burden Blvd., Suite A<br>Pasco, WA 99301<br>P.O. Box 2755<br>Pasco, WA 99302<br>cranelaw@msn.com<br><br>*Attorney for Karen Easterday* | ☒<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| CHS Capital, LLC dba CHSC NM<br>5500 Cenex Dr.<br>Inver Grove Heights, MN 550077 | ☒<br>☐<br>☐<br>☐<br>☐ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER OF DEFAULT AND DEFAULT JUDGMENT OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT: 11

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

| | | |
|---|---|---|
| U.S. Small Business Administration<br>1545 Hawkins Blvd, Suite 202<br>El Paso, TX 79925 | ☒<br>☐<br>☐<br>☐<br>☐ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |
| Thomas Buford 3rd<br>Bush Kornfeld, LLP<br>601 Union St., Ste 5000<br>Seattle, WA 98101<br>tbuford@bskd.com<br><br>*Attorney for Easterday Ranch & Easterday Farms, Inc.* | ☒<br>☐<br>☐<br>☐<br>☒ | U.S. Mail<br>Hand Delivered<br>Overnight Mail<br>Telecopy (FAX)<br>Via email |

_____
SHEANA LOOMIS, Legal Assistant

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER OF DEFAULT AND DEFAULT JUDGMENT OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT: 12

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

3/18/21

21-80010-WLH    Doc 1-35    Filed 04/12/21    Entered 04/12/21 17:17:03    Pg 12 of 12